CONCURRING Opinion.
Miller, J.
The accused, indicted for murder and convicted of manslaughter, obtained a new trial. Afterward put on trial he plead autrefois acquit sustained by the lower court so far as the plea related to the charge of murder. Then the accused filed what is termed a protest against further proceeding in the trial on the ground that the plea of autrefois acquit having been sustained there was no indictment to support the trial, and the protest overruled, exceptions were reserved. In the course of empaneling the jury exceptions were reserved on behalf of the accused to the statement or explanation by the District Attorney to the jurors on their voir dire examination, that the accused, having been indicted for murder, convicted of manslaughter, and a new trial granted, could be tried again on the indictment only for manslaughter, and to the same statement and reading of the indictment to the jury by the District Attorney in the course of the trial, the defence also reserved exceptions. The grounds of these exceptions are that the statement and reading the indictment for murder was calculated to prejudice the accused in reference to the charge of manslaughter, and because there was no indictment for that offence. These grounds, after the conviction of the accused for manslaughter, were again assigned in the rule for new trial, to the refusal of which exceptions were also reserved by the counsel for the accused. His sentence and this appeal followed,
It has been supposed that the granting of a new trial in a criminal case reinstated the indictment in full force as fouhd by the graud jury. As it has been put, “ the new trial is a new hearing of the case by another jury, but with as little prejudice to either party as if it never had been heard before, no advantage is to be taken of the former verdict or the awarding of the new trial. Our courts, however, held at an early period, and it has been repeated in the later decisions, that the accused indicted for murder and granted a new trial *1523 ■on the conviction for manslaughter, can be tried only for manslaughter. State vs. Hornsby, 8 Rob. 583; State vs. Desmond, 5 An. 398; State vs. Dennison, 31 An. 847.
The indictment for murder includes the charge for manslaughter. Our statute expressly authorizes the verdict for the lesser offence when murder is charged. Revised Statutes, 8785; State vs. Moore, 8 Rob. 518. The granting of the new trial does not end the prosecution, but simply requires another trial of the indictment. In this case the first conviction for manslaughter followed by the new trial entitled the prisoner to a trial for the lesser offence but that was charged in the pending indictment. There was no necessity for another. State vs. Boyd, 38 An. 374; State vs. Bird, 31 An. 419. There was then no objection, in our view, to the State proceeding with the trial in this case on the indictment as it stood, modified in its scope by the first conviction for manslaughter, and the granting of the new trial.
Nor can we perceive that the right of the State thus to proceed was at all affected by the plea of autrefois acquit sustained only as it related to the charge of murder. Sustaining the plea as to murder simply announced the legal effect of the previous conviction for manslaughter. The argument for the defence insists that sustaining the plea as to murder dismissed the prosecution without qualification. But, in our opinion, sustaining the plea only as to murder was quite the same as an express reservation to prosecute for manslaughter on the pending indictment. There was no necessity for another, nor do the terms in which the plea was sustained bear the construction that another indictment was to be preferred. If, therefore. as we hold that the first conviction for manslaughter set aside and a new trial ordered, left the indictment in full force for manslaughter, we can not appreciate that maintaining the plea of autre-fois acquit as to murder, in any manner, disabled the State from proceeding in the trial for manslaughter.
If the State was entitled to proceed on the pending indictment, there is an obvious. answer to the other bills in the record which draw in question the reading of the indictment and the statement by the District Attorney to the jury, that though indicted for murder the accused could be convicted only for manslaughter. The State was entitled to inform the jury and they were eutitled to • know the charge on which the accused was on trial. This could *1524 be accomplished in no mode substantially different from that adopted by the District Attorney. In the State vs. Denis, 31 An. 847, under a like indictment and previous conviction for manslaughter, the verdict on the second trial, though only for manslaughter, was set aside, because the court refused to sustain the plea as to autrefois acquit as to murder and ruled the accused was in the same position as he was before the trial and would be tried on the same indictment for murder. The ruling was erroneous; the court held that the accused was on trial for murder though convicted only for manslaughter. The instruction of that decision is that the jury should have the explanation that, though murder was charged the conviction could be only for manslaughter. All, therefore, the District Attorney stated to the jury in this case accompanied with the reading of the indictment the jury were entitled to know, and if withheld there would have been the basis to set aside the verdict. In this respect the bills show no error.
I concur in the decree affirming the sentence.